s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s

| | | |
|---|---|---|
| Janie Garia, | : | Case No. _____ |
| Plaintiff, | : | (Hon. _____) |
| vs. | : | **NOTICE OF REMOVAL** |
| Adrian Dominican Sisters, Inc. A Michigan Nonprofit Corporation, | : | |
| Defendant. | : | |

s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Adrian Dominican Sisters, Inc. ("ADS") files this Notice of Removal of this action from the Circuit Court of Lenawee County, Michigan, where it is now pending, to the United States District Court for the Eastern District of Michigan, Southern Division.

1.     This action was commenced on April 11, 2024 by the filing of the Complaint in the Circuit Court of Lenawee County, Michigan entitled *Janie Garcia vs. Adrian Dominican Sisters, Inc. A Michigan Nonprofit Corporation,* which was assigned Case No. 24-7315-CD on the docket of that Court.

2.     The Summons and Complaint were served upon ADS on May 7, 2024. According to the Complaint, Plaintiff alleges that ADS discharged her employment in violation of

7542933.1

the Michigan Whistleblowers' Protection Act (MCL § 15.361), Michigan's Persons with Disabilities Civil Rights Act (MCL § 37.1101), and Michigan's Elliott-Larsen Civil Rights Act (MCL § 37.2101). (Compl. at ¶ 1; Plaintiff's Pre-Trial Statement at ¶ 1.) Accordingly, from the face of the Complaint at the time of filing, Plaintiff's wrongful discharge claims against ADS were only plead under state law.

3.      On July 15, 2024, a pre-trial conference was held before Judge Michael R. Olsaver.  During this pre-trial conference, Plaintiff Counsel stated Plaintiff's intention to amend her initial Complaint to add claims of disability discrimination under the Americans With Disability Act ("ADA") and age discrimination under the Age Discrimination in Employment Act ("ADEA") once exhausting her administrative remedies for these claims.

4.      The following day, on or about July 16, 2024, a Charge of Discrimination was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") against ADS alleging discrimination in violation of the ADA and ADEA. (See Exhibit A, EEOC Charge.)

5.      On August 13, 2024, Defense counsel sought clarification from Plaintiff's counsel about Plaintiff's intention to amend her initial Complaint to add the claims under the ADA and ADEA. In response, Plaintiff's counsel provided an unambiguous statement confirming Plaintiff's intention to amend her Complaint to assert the additional claims under federal law.  (See Exhibit B, August 13, 2024 Email Chain.)

6.      The EEOC issued Plaintiff a Right to Sue letter on August 13, 2024. (See Exhibit C, Right to Sue letter.) Plaintiff's claims are now ripe and her intention to seek recovery under federal law is clear.

7.      Under 28 U.S.C. § 1446(b)(1), a defendant has thirty days to file a notice of removal "after the receipt by the defendant ... of a copy of the initial pleading setting forth the

2

claim for relief." However, "if the case stated by the initial pleading is not removable," 28 U.S.C. § 1446(b)(3) provides that "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." See, *Groesbeck Invs., Inc. v. Smith*, 224 F. Supp. 2d 1144, 1147–48 (E.D. Mich. 2002).

8.      Courts have sanctioned removal on a wide variety of "other papers" under 28 U.S.C. § 1446(b)(3). See *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 365 (6th Cir. 2015) citing 14B Charles Alan Wright et al., Federal Practice and Procedure § 3722.1 (4th ed.2009) (Noting that the term "other papers" shall be construed as "expansively" and includes a "wide array of documents within its scope" such as "documents such as deposition transcripts, answers to interrogatories and requests for admissions…amendments to ad damnum clauses of complaints and *correspondence between the parties and their attorneys or between the attorneys*.")(emphasis added.)

9.      Correspondence between legal counsel has specifically "been deemed to constitute 'papers' that trigger a right of removal." See *JHohman, LLC v. U. S. Security Assoc., Inc.*, 513 F.Supp.2d 913, 916 (E.D. Mich. 2007) citing *Addo v. Globe Life & Accident Ins. Co*., 230 F.3d 759, 761-62 (5th Cir. 2000).

10.     Plaintiff's counsel's written confirmation to Defense counsel to amend Plaintiff's claims to seek recovery under federal law makes this case removable based on federal question jurisdiction pursuant to 28 U.S.C. § 1441(a) and (c) because it is an action in which the District Courts of the United States have been given original jurisdiction under 28 U.S.C. §1331.

3

11.     The other bases for relief asserted by Plaintiff all arise out of the same set of facts and are part of the same case and controversy so that this Court has supplemental jurisdiction of them within the meaning of 28 U.S.C. §1367(a).

12.     While Plaintiff's initial pleadings were served on May 7, 2024. ADS first ascertained that the action was removable on August 13, 2024. The 30–day period in 28 U.S.C. § 1446(b)(1) starts to run only if the initial pleading contains "solid and unambiguous information that the case is removable." *Berera v. Mesa Med. Grp*., PLLC, 779 F.3d 352, 364 (6th Cir. 2015) quoting *Holston v. Carolina Freight Carriers Corp.*, No. 90–1358, 1991 WL 112809, at *3 (6th Cir. June 26, 1991). Accordingly, this Notice of Removal is filed within 30 days of receipt of the "other papers" giving rise to removal and therefore timely under 28 U.S.C. §1446 (b)(3).

13.     Copies of all processes, pleadings, and orders served upon Defendant Adrian Dominican Sisters, Inc. in this action are attached hereto as Exhibit D pursuant to 28 U.S.C. § 1446(a).

14.     A true and accurate copy of this Notice of Removal will be filed with the clerk of the Circuit Court of Lenawee County, Michigan, and will be provided to Plaintiff, as required by 28 U.S.C. §1466(d).

**WHEREFORE**, Defendant Adrian Dominican Sisters, Inc. requests that the Court enter this case on its docket and entertain such further proceedings herein as may be proper and authorized by law.

4

7542933.1

EASTMAN & SMITH LTD.

/s/ Lynn Vuketich Luther
Lynn Vuketich Luther (P65492)
Elizabeth L. Bolduc (P87066)
One SeaGate, 27th Floor
P.O. Box 10032
Toledo, OH  43699-0032
Telephone: (419) 241-6000
Fax: (419) 247-1777
Email:  LVLuther@eastmansmith.com
Email:  ELBolduc@eastmansmith.com

Attorneys for Defendant
Adrian Dominican Sisters, Inc.

## PROOF OF SERVICE

A copy of the foregoing has been electronically filed on August 14, 2024.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and parties may access this filing through the Court's system.

/s/ Lynn Vuketich Luther
Attorney for Defendant
Adrian Dominican Sisters, Inc.

7542933.1

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE

JANIE GARCIA,

           Plaintiff,

vs.

ADRIAN DOMINICAN SISTERS, INC.
A Michigan Nonprofit Corporation,

           Defendant.

Case No. 24- 7315 -CD
Honorable:

HONORABLE
MICHAEL R. OLSAVER

**GASIOREK LAW PLLC**
Donald Gasiorek (P24987)
Attorneys for Plaintiff
30500 Northwestern Hwy., Suite 425
Farmington Hills, MI 48334
(248) 865-0001 / Fax: (248) 865-0002
don@gasioreklaw.com

APR 1 1 2024
LENAWEE COUNTY CLERK
ADRIAN, MICHIGAN

*There is no other Civil Action arising out of the same transaction as alleged in this Complaint, pending in this Court nor has any such action been previously filed and dismissed after having been assigned to a judge.*

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff, JANIE GARCIA, by her attorneys, GASIOREK LAW PLLC, states the following for her Complaint against the Defendant:

1.      This is an action for wrongful discharge in violation of the Michigan Whistleblowers' Protection Act, MCL §15.361, *et. seq.* (the "WPA"), for a tortious wrongful discharge in violation of the public policy of the State of Michigan, for disability discrimination in violation of the Michigan's Persons with Disabilities Civil Rights Act, MCL § 37.1101 *et seq.* (the

1

**EXHIBIT D**

"PWDCRA"), and for age discrimination in violation of Michigan's Elliott-Larsen Civil Rights Act, MCL §37.2101, *et seq.* ("ELCRA").

PARTIES

2.     Plaintiff, JANIE GARCIA, is an individual residing in Adrian, Lenawee County, Michigan.

3.     Defendant, ADRIAN DOMINICAN SISTERS, INC., is a Michigan nonprofit corporation, which has its principal place of business, resident agent, and registered office in Adrian, Lenawee County, Michigan.

JURISDICTION AND VENUE

4.     This Honorable Court has jurisdiction over Plaintiff's claims pursuant to MCL §§ 15.363(2), 37.1606, 37.2801, and 600.605.

5.     Venue is proper and convenient in this judicial circuit, pursuant to MCL §§ 15.363(2), 37.1606, 37.2801, and 600.1621.

FACTUAL ALLEGATIONS

6.     Plaintiff's year of birth is 1965.

7.     Plaintiff has a "disability" and a "history of a disability" as those terms are defined by Michigan's PWDCRA, MCL § 37.1103.

8.     Plaintiff is a "disabled person" as that term is defined by the Motor Vehicle Code ("MVC"), MCL §257.675 and has a disability placard on the windshield of her vehicle in order to park in areas designated and/or reserved for disabled persons.

9.     In or about August 2001, Plaintiff commenced employment with Defendant as a receptionist.

10.     Defendant subsequently promoted Plaintiff to the position of "Executive Assistant".

2

**EXHIBIT D**

11.     Plaintiff, despite her disability, performed her duties and responsibilities in a manner that demonstrated that she was qualified for her position with Defendant and qualified to retain employment with Defendant.

12.     Defendant, at all relevant times, maintains a parking lot for use by employees and the public, which parking lot has approximately six parking spaces designated or reserved for use by disabled persons, such as Plaintiff, and/or by persons providing transportation to a disabled person (hereafter "disability parking space").

13.     Defendant was aware of Plaintiff's disability, of the disability placard on her vehicle, and of her need for accommodation to use one of Defendant's disability parking spaces.

14.     Michigan's Vehicle Code, MCL §257.674 *et. seq.* (hereafter "MVC") prohibits the parking of vehicles in designated disability parking spaces unless the driver of the vehicle is a disabled person or is providing transportation to a disabled person.

15.     In addition to a civil infraction, a person who is not providing transportation to a disabled person and commits or attempts to commit a deception or fraud by using a disability placard, sticker, or registration plate to park in a disability parking space is guilty of a misdemeanor. *See* MCL §257.675 and MCL §257.803d.

16.     The City of Adrian Code of Ordinances has, at all times, adopted the MVC and its penalties and procedures by reference.

17.     Part of Plaintiff's duties and responsibilities was to perform secretarial tasks and provide assistance and support as requested to respond to the needs of Defendant's Facilities and Grounds Department also known as the Maintenance Department (hereafter "Maintenance Department") as well as Security personnel.

3

**EXHIBIT D**

18.     Part of Plaintiff's duties was to order, maintain, and/or copy warning signs for the Maintenance Department and Security personnel to place on vehicles parked in Defendant's disability parking spaces when such vehicles were not providing transportation to a disabled person and/or did not have a disability placard, sticker, or registration plate and/or were otherwise violating the MVC and the City of Adrian Code of Ordinances regarding disability parking spaces (hereafter "illegal parking activity" or "illegal parking activities").

19.     Prior to 2023, the Maintenance Department, including Plaintiff, and Defendant's Security personnel would place warning signs on vehicles that engaged in the illegal parking activities.

20.     Prior to 2023, Defendant never instructed or informed Plaintiff that she should not be assisting Defendant's Maintenance and Security personnel in placing warning signs on vehicles that engaged in the illegal parking activities.

21.     Prior to 2023, Defendant never warned or disciplined Plaintiff for placing warning signs on vehicles that engaged in the illegal parking activities.

22.     In 2023, several management changes occurred, after which Defendant allowed vehicles to engage in the illegal parking activities.

23.     Upon information and belief, Defendant received complaints in late 2023 and 2024 about the illegal parking activities.

24.     Defendant failed or refused to do anything to address the illegal parking activities and practices.

25.     Such illegal parking activities would, at times, force Plaintiff to park in a space that was not designated or reserved for disabled persons and cause her to walk a much further distance when going into or leaving Defendant's building.

4

26.     In or about December 2023 or early January 2024, Plaintiff observed a particular employee (hereafter "co-worker") repeatedly park a truck in one of the Defendant's disability parking spaces.

27.     Upon information and belief, the co-worker was not a disabled person as defined by MVC §§257.675 and 257.803d at the time the co-worker parked the truck in Defendant's disability parking space.

28.     The co-worker was not providing transportation to a disabled person at the time the co-worker parked the truck in Defendant's disability parking space.

29.     The co-worker was engaged in an illegal parking activity by parking the truck in the Defendant's disability parking space.

30.     In December 2023/January 2024, Plaintiff reported the co-worker's illegal parking activity to Defendant and she expressed a concern, opinion, and/or complaint that nothing was being done to stop the illegal parking activities.

31.     At the time Plaintiff expressed her concern, opinion and/or complaint, Plaintiff was identifying conduct that was violating the MVC and Adrian Code of Ordinances and was raising the specter of reporting or being about to report the violations to a public body.

32.     At the time Plaintiff expressed her concern, opinion and/or complaint, Plaintiff provided Defendant's management with warning signs that she, the Maintenance Department, and Security personnel had previously used to warn persons who engaged in such illegal parking activities.

33.     Plaintiff further requested Defendant's management re-start the practice of using the warning signs which further raised the specter that she was about to report the illegal parking activities to a public body.

5

**EXHIBIT D**

34.     Defendant became frustrated with Plaintiff and refused to do anything in response to Plaintiff's reports of the illegal parking activities, and Defendant allowed the illegal parking activities and practices to continue.

35.     On or about January 10, 2024, Plaintiff left a note on the co-worker's truck that read: "Please be considerate to the Handicap Parking so others are able to use the other Handicap Spot. Your car can be Towed or Ticketed for Improper Parking." (A copy of this note is in Defendant's possession.)

36.     On or about January 11, 2024, the co-worker complained to Defendant that Plaintiff had somehow harassed her by informing the co-worker of the co-worker's illegal parking activity.

37.     On January 22, 2024, Defendant terminated Plaintiff's employment.

38.     A causal connection existed between the date of Plaintiff's reports of the illegal parking activity and her termination.

39.     Upon information and belief, the co-worker who engaged in the illegal parking activity, was younger than Plaintiff.

40.     Defendant did not terminate the employment of the younger co-worker who was not a disabled person as defined by the MVC and who had engaged in the illegal parking activity.

41.     Upon information and belief, Plaintiff was replaced by and/or her former duties and responsibilities were assumed by a younger individual and/or a person who did not suffer a disability.

42.     Upon information and belief, Defendant's proffered reasons for terminating Plaintiff's employment were a pretext for discrimination.

43.     Plaintiff's disability was a factor in Defendant's decision to terminate her employment.

6

**EXHIBIT D**

44.    Plaintiff's age was a factor in Defendant's decision to terminate her employment.

45.    Defendant's discriminatory treatment and its termination of Plaintiff because of her age and/or disability was willful and deliberate.

46.    Upon information and belief, reinstatement is impracticable.

**LEGAL CLAIMS**

**COUNT I**
**WRONGFUL DISCHARGE IN VIOLATION THE**
**WHISTLEBLOWERS' PROTECTION ACT ("WPA")**

47.    Plaintiff repeats, realleges, and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein verbatim.

48.    The WPA prohibits employers from discharging or otherwise discriminating against an employee because that employee reported or is about to report a violation or suspected violation of law to a public body. MCL § 15.362.

49.    At all times relevant to this action, Plaintiff was an "employee" of Defendant as that term is defined by the WPA. MCL § 15.361(a).

50.    Plaintiff, at all times relevant to this action, was and is a "person" as that term is defined by the WPA. MCL § 15.361(c).

51.    At all times relevant to this action, Defendant was an "employer" as that term is defined by the WPA. MCL § 15.361(b).

52.    At all times relevant to this action, the City of Adrian's Parking Violations Bureau and the Michigan State Police were and are a "public body" as that term is defined by the WPA. MCL § 15.361(d)(i).

**EXHIBIT D**

53.     Plaintiff expressed her concern, opinion, and/or objection to Defendant that individuals were engaging in illegal parking activities and that nothing was being done to stop the illegal parking activities.

54.     The facts that Plaintiff was a satisfactory performer, was not recently warned of any problem or deficiency in her performance or conduct, or that her continued employment was in jeopardy; the close proximity in time between Plaintiff's expressed concerns and objections made directly to Defendant about the illegal parking activities and practices, including Plaintiff providing Defendant with warning signs to guard against such practices, raised the specter of reporting or being about to report Defendant's violations to a public body; and the sudden change in Defendant's treatment of Plaintiff after she expressed her concerns; all demonstrate that Defendant terminated Plaintiff's employment, in violation of MCL § 15.362, because she raised the specter of being about to report Defendant's violation of law to a public body.

55.     Defendant's decision to terminate Plaintiff's employment on January 22, 2024 was motivated, in whole or in significant part, by its retaliatory animus resulting from Plaintiff raising the specter of being "about to report" the illegal parking practices to a public body.

56.     Defendant's actions as described above violated the anti-retaliation and anti-discrimination protections provided by the WPA, MCL § 15.362, and were intentional.

57.     As a direct and proximate result of Defendant's wrongful and retaliatory discharge in violation of the WPA, Plaintiff incurred damages, including but not limited to a loss of employment and employment opportunities, loss of past and future employment compensation and benefits, embarrassment, humiliation, betrayal, severe mental and emotional distress, and other incidental and consequential losses.

8

**EXHIBIT D**

WHEREFORE, Plaintiff prays that this Honorable Court enter a Judgment in her favor and against Defendant for an amount consistent with the evidence to compensate Plaintiff for the damages that she has suffered, together with injunctive/equitable relief, exemplary damages, interest and the imposition of costs and reasonable attorney fees.

<u>DEMAND FOR TRIAL BY JURY IS HEREBY MADE</u>

## COUNT II
## WRONGFUL DISCHARGE IN VIOLATION THE MICHIGAN PUBLIC POLICY

58.     Plaintiff repeats, realleges, and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein verbatim.

59.     The WPA is not Plaintiff's exclusive remedy for wrongful discharge claims alleging retaliation for objecting to a violation of law in the course of her employment, or alleging retaliation for asserting rights conferred by a well-established legislative enactment.

60.     Michigan has a public policy to promote adherence to federal and state statutes and local ordinances, and it is the best interest of the state and its citizens to protect and promote compliance with such legal authorities.

61.     Michigan has a public policy to allow employees to perform their duties and responsibilities in accordance with federal and state law and local ordinances and to express opinions, concerns and/or complaints of violations of federal, state, and local laws and ordinances without fear of retaliation.

62.     During the course of her employment with Defendant, Plaintiff objected to and confronted Defendant concerning illegal parking activities in violation of Michigan law.

63.     Defendant's termination of Plaintiff was, in significant part, in retaliation due to Plaintiff's expressions of opinion, concern and complaint of illegal parking activities, Defendant's

9

**EXHIBIT D**

failure and refusal to do anything about the illegal parking activities; but to instead, allow employees and/or others to continue to engage in the illegal parking activities and practices in violation of Michigan law.

64.    In doing so, Defendant wrongfully discharged Plaintiff in violation of Michigan's public policy.

65.    As a direct and proximate result of Defendant's violation of public policy, Plaintiff incurred damages, including but not limited to a loss of employment and employment opportunities, loss of past and future employment compensation and benefits, embarrassment, humiliation, betrayal, severe mental and emotional distress, and other incidental and consequential losses.

**WHEREFORE,** Plaintiff prays that this Honorable Court enter a Judgment in her favor and against Defendant for an amount consistent with the evidence to compensate Plaintiff for the damages that she has suffered, together with injunctive/equitable relief, exemplary damages, interest and the imposition of costs and reasonable attorney fees.

DEMAND **FOR** TRIAL **BY** JURY **IS HEREBY** MADE

**COUNT III**
**VIOLATION OF THE**
PERSONS WITH **DISABILITIES CIVIL RIGHTS** ACT **("PWCRA")**

66.    Plaintiff repeats and realleges each and every paragraph of this Complaint as though fully set forth herein.

67.    At all times relevant herein, Defendant was aware that Plaintiff suffered a disability and that her disability required an accommodation to use a disability parking space.

68.    Michigan's Persons with Disabilities Civil Rights Act ("PWDCRA"), MCL 37.1101 *et seq.* guarantees employees (like Plaintiff) that they have a right to be free of discrimination on account of any disability, history of a disability, or perceived disability that they experience.

10

69.    At all times relevant herein, Plaintiff was an "employee", and Defendant was an "employer" under the PWDCRA.

70.    At all times relevant herein, Plaintiff suffered a disability, was regarded by Defendant as having a disability, and/or had a history of a disability under the PWDCRA.

71.    Plaintiff's disability was unrelated to her ability to perform the duties of her particular job with or without reasonable accommodation and/or was unrelated to her qualifications for employment.

72.    Defendant had a duty under the PWDCRA not to discharge or otherwise discriminate or retaliate against Plaintiff in her employment on account of such disability, perceived disability and/or history of disability, and had a duty not to deny Plaintiff reasonable accommodation.

73.    Defendant violated Plaintiff's rights under the PWDCRA because of her disability, perceived disability, and/or history of disability by, including but not limited to:

    a.  Terminating Plaintiff's employment.

    b.  Discriminating against Plaintiff with respect to compensation or the terms, conditions, or privileges of employment because of her disability, perceived disability or history of disability.

    c.  Treating Plaintiff differently than employees who were not disabled.

    d.  Failing and/or refusing to accommodate Plaintiff's disability by allowing nondisabled persons to use Defendant's disability parking spaces.

    e.  Retaliating against Plaintiff for expressing concern about Defendant's illegal parking activities because Plaintiff required a disability parking space to reasonably accommodate her disability and/or otherwise for asserting her rights under the PWDCRA.

    f.  Limiting, segregating, or classifying Plaintiff in a way which deprived or intended to deprive Plaintiff of employment opportunities or otherwise adversely affecting the status of Plaintiff's employment because of a disability, perceived disability, or history of disability.

11

**EXHIBIT D**

g. Segregating, classifying, or otherwise discriminating against and disparately treating Plaintiff on the basis of a disability, perceived disability, or history of disability with respect to the terms, conditions, or privileges of employment.

h. Otherwise discriminating against Plaintiff with respect to the terms, conditions and privileges of her employment.

74. Defendant's violation of the PWDCRA was malicious, deliberate, and willful.

75. As a direct and proximate result of Defendant's violations of the PWDCRA, Plaintiff has suffered damages, including but not limited to (1) the loss of past and future income and employee benefits, (2) personal injuries including but not limited to mental, emotional and psychological distress, anxiety, humiliation, embarrassment, derogation, and physical ailments, (3) a sense of outrage and injury to her feelings, and (4) injury to her professional reputation.

**WHEREFORE,** Plaintiff requests that this Honorable Court enter a Judgment against Defendant in whatever amount is shown to be established by the proofs in this cause, together with exemplary damages, interest, costs, and reasonable attorneys' fees.

**DEMAND FOR TRIAL BY JURY IS HEREBY MADE**

**COUNT IV**
**AGE DISCRIMINATION IN VIOLATION OF THE ELCRA**

76. Plaintiff repeats and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

77. At all relevant times, Plaintiff was an employee and Defendant satisfied the definition of an employer within the meaning of Michigan's ELCRA, MCL §37.2101, *et seq.*, as amended.

78. At all relevant times, under the ELCRA, Plaintiff had a right to employment free from discrimination based on her age.

79.     Defendant violated Plaintiff's rights under the ELCRA by, among other things, treating Plaintiff less favorably than similarly situated younger employees, terminating Plaintiff's employment because of her age, and/or otherwise discriminating against Plaintiff with respect to the terms, conditions, opportunities, compensation and/or privileges of her employment because of her age.

80.     As a direct and proximate result of Defendant's discriminatory and wrongful conduct, Plaintiff suffered damages, including but not limited to, (1) the loss of past and future income and employee benefits, (2) personal injuries including but not limited to mental, emotional and psychological distress, anxiety, humiliation, embarrassment, derogation, and physical ailments, (3) a sense of outrage and injury to her feelings, and (4) injury to her professional reputation.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a Judgment against Defendant in whatever amount is shown to be established by the proofs in this cause, together with exemplary damages, interest, costs, and reasonable attorneys' fees.

DEMAND FOR JURY TRIAL IS HEREBY MADE

DEMAND FOR TRIAL BY JURY

Plaintiff, JANIE GARCIA, by her attorneys, GASIOREK LAW PLLC, demands a trial by Jury.

Respectfully submitted,

**GASIOREK LAW, PLLC**

BY:     /s/ *Donald J. Gasiorek*
        DONALD J. GASIOREK (P24987)
        Attorney for Plaintiff
        30500 Northwestern Highway, Suite 425
        Farmington Hills, MI 48334
        (248) 865-0001 / Fax: (248) 865-0002
Dated: April 10, 2024     don@gasioreklaw.com

13

**EXHIBIT D**

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE

JANIE GARCIA,

               Plaintiff,

vs.

ADRIAN DOMINICAN SISTERS, INC.
A Michigan Nonprofit Corporation,

               Defendant.

Case No. 24- 7315 -CD
Honorable:

HONORABLE
MICHAEL R. OLSAVER

---

**GASIOREK LAW PLLC**
Donald Gasiorek (P24987)
Attorneys for Plaintiff
30500 Northwestern Hwy., Suite 425
Farmington Hills, MI 48334
(248) 865-0001 / Fax: (248) 865-0002
don@gasioreklaw.com

39TH C
APR 1 1 2024
LENAWEE COUNTY CLERK
ADRIAN, MICHIGAN

---

## DEMAND FOR TRIAL BY JURY

Plaintiff, JANIE GARCIA, by her attorneys, GASIOREK LAW PLLC, demands a trial by Jury.

           Respectfully submitted,

           **GASIOREK LAW, PLLC**

    BY:   */s/ Donald J. Gasiorek*
           DONALD J. GASIOREK (P24987)
           Attorney for Plaintiff
           30500 Northwestern Highway, Suite 425
           Farmington Hills, MI 48334
           (248) 865-0001 / Fax: (248) 865-0002
           don@gasioreklaw.com

Dated: April 11, 2024

1

**EXHIBIT D**

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE

JANIE GARCIA,

       Plaintiff,

v.

ADRIAN DOMINICAN SISTERS, INC.
A MICHIGAN NONPROFIT CORPORATION,

       Defendant.

Case No. 24-7315-CD

Hon. Michael R. Olsaver



FILED
39TH CIRCUIT COURT
MAY 2 8 2024
LENAWEE COUNTY CLERK
ADRIAN, MICHIGAN

---

Donald Gasiorek
Gasiorek Law PLLC
30500 Northwestern Highway, Suite 425
Farmington Hills, MI 48334
Email: don@gasioreklaw.com

Attorney for Plaintiff

Lynn Vuketich Luther (P65492)
Elizabeth L. Bolduc (P87066)
EASTMAN & SMITH LTD.
One SeaGate, 27th Floor
P.O. Box 10032
Toledo, OH 43699-0032
Telephone: (419) 241-6000
Facsimile: (419) 247-1777
Email: LVLuther@eastmansmith.com
Email: ELBolduc@eastmansmith.com

## ANSWER TO COMPLAINT AND JURY DEMAND
## AND AFFIRMATIVE DEFENSES

In answer to plaintiff's Complaint, defendant Adrian Dominican Sisters, Inc. by and
through its attorneys, Eastman & Smith, Ltd, state as follows:

1.    This is an action for wrongful discharge in violation of the Michigan
Whistleblowers' Protection Act, MCL §15.361, et. seq. (the "WPA"), for a tortious wrongful
discharge in violation of the public policy of the State of Michigan, for disability discrimination
in violation of the Michigan's Persons with Disabilities Civil Rights Act, MCL § 37.1101 et seq.

7435885.1

**EXHIBIT D**

(the "PWDCRA"), and for age discrimination in violation of Michigan's Elliott-Larsen Civil Rights

Act, MCL §37.2101, et seq. ( "ELCRA").

> **ANSWER:** **Defendant denies that it violated any of the statute or common law causes of action listed in paragraph 1 of the Complaint. The remaining allegations set forth in this paragraph set forth conclusions of law to which no response is required.**

2.     Plaintiff, JANIE GARCIA, is an individual residing in Adrian, Lenawee County,

Michigan.

> **ANSWER:** **Defendant neither admits nor denies the allegation in paragraph 2 of the complaint because it is without sufficient knowledge or information to form a belief as to its truth.**

3.     Defendant ADRIAN DOMINICAN SISTERS, INC., is a Michigan nonprofit

corporation, which has its principal place of business, resident agent, and registered office in

Adrian, Lenawee County, Michigan.

> **ANSWER:** **Defendant admits the allegations in paragraph 3 of the complaint.**

4.     This Honorable Court has jurisdiction over Plaintiffs claims pursuant to MCL

§§15.363(2), 37.1606, 37.2801, and 600.605.

> **ANSWER:** **Defendant admits this Court has jurisdiction in this matter but denies there is any legal or factual basis to establish Plaintiff's claims.**

5.     Venue is proper and convenient in this judicial circuit, pursuant to MCL §§

15.363(2), 37.1606, 37.2801, and 600.1621.

> **ANSWER:** **Defendant admits this Court is the proper venue for this matter but denies there is any legal or factual basis to establish Plaintiff's claims.**

6.     Plaintiff's year of birth is 1965.

> **ANSWER:** **Defendant admits the allegations in paragraph 3 of the complaint.**

7.     Plaintiff has a "disability" and a "history of a disability" as those terms are defined

by Michigan's PWDCRA, MCL § 37.1103.

2

7435885.1

**EXHIBIT D**

> **ANSWER:** **Defendant neither admits nor denies the allegation in paragraph 7 of the complaint because it is without sufficient knowledge or information to form a belief as to its truth.**

8. Plaintiff is a "disabled person" as that term is defined by the Motor Vehicle Code ("MVC"), MCL §257.675 and has a disability placard on the windshield of her vehicle in order to park in areas designated and/or reserved for disabled persons.

> **ANSWER:** **Defendant admits Plaintiff had a disability placard in her vehicle but neither admits nor denies the remaining allegations in paragraph 8 of the complaint because it is without sufficient knowledge or information to form a belief as to its truth.**

9. In or about August 2001, Plaintiff commenced employment with Defendant as a receptionist.

> **ANSWER:** **Defendant admits the allegations in paragraph 9 of the complaint.**

10. Defendant subsequently promoted Plaintiff to the position of "Executive Assistant".

> **ANSWER:** **Defendant admits plaintiff was promoted to an Executive Assistant position in or about 2008.**

11. Plaintiff, despite her disability, performed her duties and responsibilities in a manner that demonstrated that she was qualified for her position with Defendant and qualified to retain employment with Defendant.

> **ANSWER:** **Defendant denies the allegations in paragraph 11 because her failure to follow company policy and misconduct disqualified her from the position.**

12. Defendant, at all relevant times, maintains a parking lot for use by employees and the public, which parking lot has approximately six parking spaces designated or reserved for use by disabled persons, such as Plaintiff, and/or by persons providing transportation to a disabled person (hereafter "disability parking space").

3

7435885.1

**EXHIBIT D**

ANSWER:    **Defendant admits it maintains multiple parking lots that comply with applicable laws but denies the remaining allegations in paragraph 12 of the complaint.**

13.    Defendant was aware of Plaintiff's disability, of the disability placard on her vehicle, and of her need for accommodation to use one of Defendant's disability parking spaces.

ANSWER:    **Defendant admits it was aware Plaintiff had a disability placard on her vehicle but denies the remaining allegations in paragraph 13 of the complaint.**

14.    Michigan's Vehicle Code, MCL §257.674 et. seq. (hereafter "MVC") prohibits the parking of vehicles in designated disability parking spaces unless the driver of the vehicle is a disabled person or is providing transportation to a disabled person.

ANSWER:    **Paragraph 14 of the complaint contains a conclusion of law to which no response its required. To the extent a response is required, Defendant denies the allegations.**

15.    In addition to a civil infraction, a person who is not providing transportation to a disabled person and commits or attempts to commit a deception or fraud by using a disability placard, sticker, or registration plate to park in a disability parking space is guilty of a misdemeanor. See MCL §257 .675 and MCL §257.803d.

ANSWER:    **Paragraph 15 of the complaint contains a conclusion of law to which no response its required. To the extent a response is required, Defendant denies the allegations.**

16.    The City of Adrian Code of Ordinances has, at all times, adopted the MVC and its penalties and procedures by reference.

ANSWER:    **Paragraph 16 of the complaint contains a conclusion of law to which no response its required. To the extent a response is required, Defendant denies the allegations.**

17.    Part of Plaintiff's duties and responsibilities was to perform secretarial tasks and provide assistance and support as requested to respond to the needs of Defendant's Facilities and

4

7435885.1

**EXHIBIT D**

Grounds Department also known as the Maintenance Department (hereafter "Maintenance Department") as well as Security personnel.

> **ANSWER:** **Defendant denies the allegations in paragraph 17 of the complaint because her responsibilities were limited to clerical tasks and administrative support.**

18.    Part of Plaintiffs duties was to order, maintain, and/or copy warning signs for the Maintenance Department and Security personnel to place on vehicles parked in Defendant's disability parking spaces when such vehicles were not providing transportation to a disabled person and/or did not have a disability placard, sticker, or registration plate and/or were otherwise violating the MVC and the City of Adrian Code of Ordinances regarding disability parking spaces (hereafter "illegal parking activity" or "illegal parking activities").

> **ANSWER:** **Defendant denies the allegations in paragraph 18 because the activities described were not a part of Plaintiff's job duties.**

19.    Prior to 2023, the Maintenance Department, including Plaintiff, and Defendant's Security personnel would place warning signs on vehicles that engaged in the illegal parking activities.

> **ANSWER:** **Defendant denies the allegations in paragraph 19 because the activities described were not a part of Plaintiff's job duties.**

20.    Prior to 2023, Defendant never instructed or informed Plaintiff that she should not be assisting Defendant's Maintenance and Security personnel in placing warning signs on vehicles that engaged in the illegal parking activities.

> **ANSWER:** **Defendant denies the allegations in paragraph 20 because the activities described were not a part of Plaintiff's job duties.**

21.    Prior to 2023, Defendant never warned or disciplined Plaintiff for placing warning signs on vehicles that engaged in the illegal parking activities.

5

**EXHIBIT D**

> **ANSWER:**    **Defendant denies the allegations in paragraph 21 because the activities described were not a part of Plaintiff's job duties.**

22.    In 2023, several management changes occurred, after which Defendant allowed vehicles to engage in the illegal parking activities.

> **ANSWER:**    **Defendant denies the allegations in paragraph 22 because Defendant is not aware of any illegal parking activities that occurred in or after 2023.**

23.    Upon information and belief. Defendant received complaints in late 2023 and 2024 about the illegal parking activities.

> **ANSWER:**    **Defendant denies the allegations in paragraph 23 because they are untrue.**

24.    Defendant failed or refused to do anything to address the illegal parking activities and practices.

> **ANSWER:**    **Defendant denies the allegations in paragraph 24 because there were no illegal parking issues to address.**

25.    Such illegal parking activities would, at times, force Plaintiff to park in a space that was not designated or reserved for disabled persons and cause her to walk a much further distance when going into or leaving Defendant's building.

> **ANSWER:**    **Defendant denies the allegations in paragraph 25 because they are untrue.**

26.    In or about December 2023 or early January 2024, Plaintiff observed a particular employee (hereafter "co-worker") repeatedly park a truck in one of the Defendant's disability parking spaces.

> **ANSWER:**    **Defendant neither admits nor denies the allegation in paragraph 26 of the complaint because it is without sufficient knowledge or information to form a belief as to its truth.**

6

7435885.1

**EXHIBIT D**

27.     Upon information and belief, the co-worker was not a disabled person as defined by MVC §§257.675 and 257.803d at the time the co-worker parked the truck in Defendant's disability parking space.

>    **ANSWER:     Defendant denies the allegations in paragraph 27 of the Complaint because the co-worker had a disability placard pursuant to the above cited statute.**

28.     The co-worker was not providing transportation to a disabled person at the time the co-worker parked the truck in Defendant's disability parking space.

>    **ANSWER:     Defendant neither admits nor denies the allegation in paragraph 28 of the complaint because it is without sufficient knowledge or information to form a belief as to its truth.**

29.     The co-worker was engaged in an illegal parking activity by parking the truck in the Defendant's disability parking space.

>    **ANSWER:     Defendant denies the allegations in paragraph 29 of the Complaint because they are untrue.**

30.     In December 2023/January 2024, Plaintiff reported the co-worker's illegal parking activity to Defendant and she expressed a concern, opinion, and/or complaint that nothing was being done to stop the illegal parking activities.

>    **ANSWER:     Defendant denies the allegations in paragraph 30 of the Complaint because they are untrue.**

31.     At the time Plaintiff expressed her concern, opinion and/or complaint, Plaintiff was identifying conduct that was violating the MVC and Adrian Code of Ordinances and was raising the specter of reporting or being about to report the violations to a public body.

>    **ANSWER:     Defendant denies the allegations in paragraph 31 of the Complaint because they are untrue.**

32.     At the time Plaintiff expressed her concern, opinion and/or complaint, Plaintiff provided Defendant's management with warning signs that she, the Maintenance Department, and

7

**EXHIBIT D**

Security personnel had previously used to warn persons who engaged in such illegal parking activities.

> **ANSWER:**   **Defendant denies the allegations in paragraph 32 of the Complaint because they are untrue.**

33.    Plaintiff further requested Defendant's management re-start the practice of using the warning signs which further raised the specter that she was about to report the illegal parking activities to a public body.

> **ANSWER:**   **Defendant denies the allegations in paragraph 33 of the Complaint because they are untrue.**

34.    Defendant became frustrated with Plaintiff and refused to do anything in response to Plaintiff's reports of the illegal parking activities, and Defendant allowed the illegal parking activities and practices to continue.

> **ANSWER:**   **Defendant denies the allegations in paragraph 34 of the Complaint because they are untrue.**

35.    On or about January 10, 2024, Plaintiff left a note on the co-worker's truck that read: "Please be considerate to the Handicap Parking so others are able to use the other Handicap Spot. Your car can be Towed or Ticketed for Improper Parking." (A copy of this note is in Defendant's possession.)

> **ANSWER:**   **Defendant denies the allegations in paragraph 35 of the Complaint because it does not fully restate the full text of the note that Plaintiff left on the co-worker's truck.**

36.    On or about January 11, 2024, the co-worker complained to Defendant that Plaintiff had somehow harassed her by informing the co-worker of the co-worker's illegal parking activity.

> **ANSWER:**   **Defendant admits the co-worker complained that she was being harassed on the basis of her disability on or about January 11, 2024 but denies the remaining allegations in paragraph 36 of the complaint.**

37.    On January 22, 2024, Defendant terminated Plaintiff's employment.

7435885.1

**ANSWER:** Defendant admits the allegations in paragraph 37 of the Complaint.

38.     A causal connection existed between the date of Plaintiff's reports of the illegal parking activity and her termination.

**ANSWER:** Defendant denies the allegations in paragraph 38 of the Complaint because they are untrue.

39.     Upon information and belief, the co-worker who engaged in the illegal parking activity, was younger than Plaintiff.

**ANSWER:** Defendant denies the allegations in paragraph 39 of the Complaint because it is unaware of anyone who engaged in "illegal parking activity."

40.     Defendant did not terminate the employment of the younger co-worker who was not a disabled person as defined by the MVC and who had engaged in the illegal parking activity.

**ANSWER:** Defendant denies the allegations in paragraph 40 of the Complaint because it is unaware of anyone who engaged in "illegal parking activity" and therefore would have no basis upon which to terminate an employee for that alleged activity.

41.     Upon information and belief, Plaintiff was replaced by and/or her former duties and responsibilities were assumed by a younger individual and/or a person who did not suffer a disability.

**ANSWER:** Defendant admits that the person who replaced Plaintiff is 49 years old. Defendant neither admits nor denies the remaining allegations in paragraph 41 of the complaint because it is without sufficient knowledge or information to form a belief as to its truth.

42.     Upon information and belief, Defendant's proffered reasons for terminating Plaintiff's employment were a pretext for discrimination.

**ANSWER:** Defendant denies the allegations in paragraph 42 of the Complaint because they are untrue.

9

**EXHIBIT D**

43.   Plaintiff's disability was a factor in Defendant's decision to terminate her employment.

> **ANSWER:   Defendant denies the allegations in paragraph 43 of the Complaint because they are untrue.**

44.   Plaintiff's age was a factor in Defendant's decision to terminate her employment.

> **ANSWER:   Defendant denies the allegations in paragraph 44 of the Complaint because they are untrue.**

45.   Defendant's discriminatory treatment and its termination of Plaintiff because of her age and/or disability was willful and deliberate.

> **ANSWER:   Defendant denies the allegations in paragraph 45 of the Complaint because they are untrue.**

46.   Upon information and belief, reinstatement is impracticable.

> **ANSWER:   Defendant neither admits nor denies the allegation in paragraph 46 of the complaint because it is without sufficient knowledge or information to form a belief as to why Plaintiff believes reinstatement is impractical. Answering further, there is no legal or factual basis to support Plaintiff's claim for reinstatement.**

## COUNT I

47.   Plaintiff repeats, realleges, and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein verbatim.

> **ANSWER:   In response to paragraph 47 of the Complaint, Defendant hereby incorporates by reference the responses, denials, and averments contained in paragraphs 1 through 46 above, as if fully restated herein.**

48.   The WPA prohibits employers from discharging or otherwise discriminating against an employee because that employee reported or is about to report a violation or suspected violation of law to a public body. MCL § 15.362.

> **ANSWER:   Defendant denies that it violated the statute cited in paragraph 48 of the Complaint.  The remaining allegations set forth in this paragraph set forth conclusions of law to which no response is required.**

10

**EXHIBIT D**

49.   At all times relevant to this action, Plaintiff was an  "employee" of Defendant as that tennis defined by the WPA. MCL § 15.361(a).

> **ANSWER:   Defendant denies that it violated the statute cited in paragraph 49 of the Complaint.   The remaining allegations set forth in this paragraph set forth conclusions of law to which no response is required.**

50.   Plaintiff, at all times relevant to this action, was and is a "person" as that term is defined by the WPA. MCL § 15.361(c).

> **ANSWER:   Defendant denies that it violated the statute cited in paragraph 50 of the Complaint.   The remaining allegations set forth in this paragraph set forth conclusions of law to which no response is required.**

51.   At all times relevant to this action, Defendant was an "employer" as that term is defined by the WPA. MCL § 15.361(b).

> **ANSWER:   Defendant denies that it violated the statute cited in paragraph 51 of the Complaint.   The remaining allegations set forth in this paragraph set forth conclusions of law to which no response is required.**

52.   At all times relevant to this action, the City of Adrian's Parking Violations Bureau and the Michigan State Police were and are a "public body" as that term is defined by the WPA. MCL § 15.361(d)(i).

> **ANSWER:   Defendant denies that it violated the statute cited in paragraph 52 of the Complaint.   The remaining allegations set forth in this paragraph set forth conclusions of law to which no response is required.**

53.   Plaintiff expressed her concern, opinion, and/or objection to Defendant that individuals were engaging in illegal parking activities and that nothing was being done to stop the illegal parking activities.

> **ANSWER:   Defendant denies the allegations in paragraph 53 of the Complaint because they are untrue.**

7435885.1

**EXHIBIT D**

54.     The facts that Plaintiff was a satisfactory performer, was not recently warned of any problem or deficiency in her performance or conduct, or that her continued employment was in jeopardy; the close proximity in time between Plaintiff's expressed concerns and objections made directly to Defendant about the illegal parking activities and practices, including Plaintiff providing Defendant with warning signs to guard against such practices, raised the specter of reporting or being about to report Defendant's violations to a public body; and the sudden change in Defendant's treatment of Plaintiff after she expressed her concerns; all demonstrate that Defendant terminated Plaintiffs employment, in violation of MCL § 15.362, because she raised the specter of being about to report Defendant's violation of law to a public body.

      **ANSWER:**    **Defendant denies the allegations in paragraph 54 of the Complaint because they are untrue.**

55.     Defendant's decision to terminate Plaintiff's employment on January 22, 2024 was motivated, in whole or in significant part, by its retaliatory animus resulting from Plaintiff raising the specter of being "about to report" the illegal parking practices to a public body.

      **ANSWER:**    **Defendant denies the allegations in paragraph 55 of the Complaint because they are untrue.**

56.     Defendant's actions as described above violated the anti-retaliation and antidiscrimination protections provided by the WPA. MCL § 15.362 and were intentional.

      **ANSWER:**    **Defendant denies the allegations in paragraph 56 of the Complaint because they are untrue.**

57.     As a direct and proximate result of Defendant's wrongful and retaliatory discharge in violation of the WPA, Plaintiff incurred damages, including but not limited to a loss of employment and employment opportunities, loss of past and future employment compensation and benefits, embarrassment, humiliation, betrayal, severe mental and emotional distress, and other incidental and consequential losses.

12

7435885.1

**EXHIBIT D**

**ANSWER:** Defendant denies the allegations in paragraph 57 of the Complaint and the remainder of her allegations in Count I because they are untrue.

COUNT II

58.     Plaintiff repeats, realleges, and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein verbatim.

**ANSWER:** In response to paragraph 58 of the Complaint, Defendant hereby incorporates by reference the responses, denials, and averments contained in paragraphs 1 through 57 above, as if fully restated herein.

59.     The WPA is not Plaintiff's exclusive remedy for wrongful discharge claims alleging retaliation for objecting to a violation of law in the course of her employment, or alleging retaliation for asserting rights conferred by a well-established legislative enactment.

**ANSWER:** Defendant denies it wrongfully discharged Plaintiff or violated any statutory or common law obligation owed to Plaintiff. Defendant denies all remaining allegations in paragraph 59 of the Complaint.

60.     Michigan has a public policy to promote adherence to federal and state statutes and local ordinances, and it is the best interest of the state and its citizens to protect and promote compliance with such legal authorities.

**ANSWER:** Defendant denies it wrongfully discharged Plaintiff or violated any statutory or common law obligation owed to Plaintiff. The remainder of paragraph 60 sets forth conclusions of law to which no response is required.

61.     Michigan has a public policy to allow employees to perform their duties and responsibilities in accordance with federal and state law and local ordinances and to express opinions, concerns and/or complaints of violations of federal, state, and local laws and ordinances without fear of retaliation.

**ANSWER:** Defendant denies it wrongfully discharged Plaintiff or violated any statutory or common law obligation owed to Plaintiff. The remainder of paragraph 61 sets forth conclusions of law to which no response is required.

13

**EXHIBIT D**

62.     During the course of her employment with Defendant, Plaintiff objected to and confronted Defendant concerning illegal parking activities in violation of Michigan law.

**ANSWER:     Defendant denies the allegations in paragraph 62 of the Complaint because they are untrue.**

63.     Defendant's termination of Plaintiff was, in significant part, in retaliation due to Plaintiff's expressions of opinion, concern and complaint of illegal parking activities, Defendant's failure and refusal to do anything about the illegal parking activities; but to instead, allow employees and/or others to continue to engage in the illegal parking activities and practices in violation of Michigan law.

**ANSWER:     Defendant denies the allegations in paragraph 63 of the Complaint because they are untrue.**

64.     In doing so, Defendant wrongfully discharged Plaintiff in violation of Michigan's public policy.

**ANSWER:     Defendant denies the allegations in paragraph 64 of the Complaint because they are untrue.**

65.     As a direct and proximate result of Defendant's violation of public policy, Plaintiff incurred damages, including but not limited to a loss of employment and employment opportunities, loss of past and future employment compensation and benefits, embarrassment, humiliation, betrayal, severe mental and emotional distress, and other incidental and consequential losses.

**ANSWER:     Defendant denies the allegations in paragraph 65 of the Complaint and the remainder of her allegations in Count II because they are untrue.**

<u>COUNT III</u>

66.     Plaintiff repeats and realleges each and every paragraph of this Complaint as though fully set forth herein.

14

7435885.1

**EXHIBIT D**

**ANSWER:**     **In response to paragraph 66 of the Complaint, Defendant hereby incorporates by reference the responses, denials, and averments contained in paragraphs 1 through 65 above, as if fully restated herein.**

67.     At all times relevant herein, Defendant was aware that Plaintiff suffered a disability and that her disability required an accommodation to use a disability parking space.

**ANSWER:**     **Defendant denies the allegations in paragraph 67 of the Complaint because they are untrue.**

68.     Michigan's Persons with Disabilities Civil Rights Act ("PWDCRA"), MCL 37.1101 et seq. guarantees employees (like Plaintiff) that they have a right to be free of discrimination on account of any disability, history of a disability, or perceived disability that they experience.

**ANSWER:**     **Defendant denies it wrongfully discharged Plaintiff or violated any statutory or common law obligation owed to Plaintiff. The remainder of paragraph 68 sets forth conclusions of law to which no response is required.**

69.     At all times relevant herein, Plaintiff was an "employee", and Defendant was an "employer" under the PWDCRA.

**ANSWER:**     **Defendant denies it wrongfully discharged Plaintiff or violated any statutory or common law obligation owed to Plaintiff. The remainder of paragraph 69 sets forth conclusions of law to which no response is required.**

70.     At all times relevant herein, Plaintiff suffered a disability, was regarded by Defendant as having a disability, and/or had a history of a disability under the PWDCRA.

**ANSWER:**     **Defendant denies the allegations in paragraph 70 of the Complaint.**

71.     Plaintiff's disability was unrelated to her ability to perform the duties of her particular job with or without reasonable accommodation and/or was unrelated to her qualifications for employment.

15

7435885.1

**EXHIBIT D**

**ANSWER:** Defendant neither admits nor denies the allegation in paragraph 71 of the complaint because it is without sufficient knowledge or information to form a belief as to its truth.

72.     Defendant had a duty under the PWDCRA not to discharge or otherwise discriminate or retaliate against Plaintiff in her employment on account of such disability, perceived disability and/or history of disability, and had a duty not to deny Plaintiff reasonable accommodation.

**ANSWER:** Defendant denies it wrongfully discharged Plaintiff, retaliated against Plaintiff, or violated any statutory or common law obligation owed to Plaintiff. The remainder of paragraph 72 sets forth conclusions of law to which no response is required.

73.     Defendant violated Plaintiffs rights under the PWDCRA because of her disability, perceived disability, and/or history of disability by, including but not limited to:

a.   Terminating Plaintiffs employment.

b.   Discriminating against Plaintiff with respect to compensation or the terms, conditions, or privileges of employment because of her disability, perceived disability or history of disability.

c.   Treating Plaintiff differently than employees who were not disabled.

d.   Failing and/or refusing to accommodate Plaintiff's disability by allowing nondisabled persons to use Defendant's disability parking spaces.

e.   Retaliating against Plaintiff for expressing concern about Defendant's illegal parking activities because Plaintiff required a disability parking space to reasonably accommodate her disability and/or otherwise for asserting her rights under the PWDCRA.

f.   Limiting, segregating, or classifying Plaintiff in a way which deprived or intended to deprive Plaintiff of employment opportunities or otherwise adversely affecting the status of Plaintiffs employment because of a disability, perceived disability, or history of disability.

16

7435885.1

**EXHIBIT D**

g.  Segregating, classifying, or otherwise discriminating against and disparately treating Plaintiff on the basis of a disability, perceived disability, or history of disability with respect to the terms, conditions, or privileges of employment.

h.  Otherwise discriminating against Plaintiff with respect to the terms, conditions and privileges of her employment.

> **ANSWER:**    **Defendant denies the allegations in paragraph 73 of the Complaint because they are untrue.**

74.  Defendant's violation of the PWDCRA was malicious, deliberate, and willful.

> **ANSWER:**    **Defendant denies the allegations in paragraph 74 of the Complaint because they are untrue.**

75.  As a direct and proximate result of Defendant's violations of the PWDCRA, Plaintiff has suffered damages, including but not limited to (1) the loss of past and future income and employee benefits, (2) personal injuries including but not limited to mental, emotional and psychological distress, anxiety, humiliation, embarrassment, derogation, and physical ailments, (3) a sense of outrage and injury to her feelings, and (4) injury to her professional reputation.

> **ANSWER:**    **Defendant denies the allegations in paragraph 75 of the Complaint and the remainder of her allegations in Count III because they are untrue.**

### COUNT IV

76.  Plaintiff repeats and realleges each and every paragraph of this Complaint as though fully set forth herein.

> **ANSWER:**    **In response to paragraph 76 of the Complaint, Defendant hereby incorporates by reference the responses, denials, and averments contained in paragraphs 1 through 75 above, as if fully restated herein.**

77.  At all relevant times, Plaintiff was an employee and Defendant satisfied the definition of an employer within the meaning of Michigan's ELCRA, MCL §37.2101, et seq., as amended.

17

7435885.1

**EXHIBIT D**

> **ANSWER:** **Defendant denies it wrongfully discharged Plaintiff or violated any statutory or common law obligation owed to Plaintiff. The remainder of paragraph 77 sets forth conclusions of law to which no response is required.**

78.    At all relevant times, under the ELCRA, Plaintiff had a right to employment free from discrimination based on her age.

> **ANSWER:** **Defendant denies it wrongfully discharged Plaintiff or violated any statutory or common law obligation owed to Plaintiff. The remainder of paragraph 78 sets forth conclusions of law to which no response is required.**

79.    Defendant violated Plaintiff's rights under the ELCRA by, among other things, treating Plaintiff less favorably than similarly situated younger employees, terminating Plaintiff's employment because of her age, and/or otherwise discriminating against Plaintiff with respect to the terms, conditions, opportunities, compensation and/or privileges of her employment because of her age.

> **ANSWER:** **Defendant denies the allegations in paragraph 79 of the Complaint because they are untrue.**

80.    As a direct and proximate result of Defendant's discriminatory and wrongful conduct, Plaintiff suffered damages, including but not limited to, ( 1) the loss of past and future income and employee benefits, (2) personal injuries including but not limited to mental, emotional and psychological distress, anxiety, humiliation, embarrassment, derogation, and physical ailments, (3) a sense of outrage and injury to her feelings, and (4) injury to her professional reputation.

> **ANSWER:** **Defendant denies the allegations in paragraph 80 of the Complaint because they are untrue.**

7435885.1

**EXHIBIT D**

## AFFIRMATIVE AND/OR ADDITIONAL DEFENSES

A.   Plaintiff's claims are barred in whole or in part based upon her failure to state claim(s) upon which relief can be granted.

B.   Plaintiff's claims are barred in whole or in part by the applicable limitations period.

C.   Plaintiff's claims are barred by her failure to exhaust administrative remedies.

D.   Plaintiff has suffered no damages attributed to any wrongful act by defendants.

E.   Plaintiff failed to report any alleged discrimination to management.

F.   Plaintiff did not engage in protected activity.

G.   Plaintiff failed to mitigate her damages.

H.   Defendant's decision to terminate plaintiff's employment was based upon legitimate and lawful non-discriminatory criteria.

I.   Plaintiff's claim for injunctive relief is barred by the doctrine of unclean hands.

J.   Plaintiff's age, alleged disability, and alleged protected activity were not factors in defendant's decision to terminate plaintiff's employment.

K.   Defendants reserve the right to add additional affirmative defenses as they become known.

L.   Defendant complied with all statutory and regulatory requirements that applied to Defendant's organization.

## DEMAND FOR TRIAL BY JURY

Defendant Adrian Dominican Sisters, Inc., demands a trial by jury on all counts of Plaintiff's complaint.

Lynn Vuketich Luther (P65492)
Attorneys for Defendant

19

**EXHIBIT D**

Respectfully submitted,

EASTMAN & SMITH LTD.

_____

Lynn Vuketich Luther (P65492)
Elizabeth L. Bolduc (P87066)
One SeaGate, 27th Floor
P.O. Box 10032
Toledo, OH  43699-0032
Telephone: (419) 241-6000
Facsimile: (419) 247-1777
Email:  LVLuther@eastmansmith.com
Email:  ELBolduc@eastmansmith.com

Attorneys for Defendant

<u>PROOF OF SERVICE</u>

This is to certify that a copy of the foregoing was served by email and regular U.S. mail

upon Donald Gasiorek, don@gasioreklaw.com, at Gasiorek Law PLLC, 30500 Northwestern

Highway, Suite 425, Farmington Hills, MI  48334, attorney for Plaintiff.

_____

Attorneys for Defendant

20

**EXHIBIT D**

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE

_Janie Garcia_
Plaintiff

File No. _24-735-CD_

vs

_Adrian Dominican Sisters, Inc._

HONORABLE MICHAEL R. OLSAVER

Defendant
_____/

## SCHEDULING ORDER

| THIS IS THE ONLY NOTICE OF DATES YOU WILL RECEIVE | | |
|---|---|---|
| EVENT | DATE | TIME |
| Plaintiff's Expert Witness Disclosure Deadline | 10/1/24 | |
| Defendant's Expert Witness Disclosure Deadline | 11/1/24 | |
| Lay Witness Disclosure Deadline (All Parties) | 11/1/24 | |
| Discovery Cutoff | 1/13/25 | |
| Motion for Summary Disposition Deadline (Filed and Heard) | 3/27/24 | |
| Case Evaluation | April 2025 | |
| Final Pre-Trial/Settlement Conference | 6/13/25 | 8:00 AM |

1. **Amended and Supplemental Pleadings**. Amended and supplemental pleadings shall only be filed in accordance with MCR 2.118. All amended or supplemental pleadings shall be filed at least 30 days before the discovery cutoff date.

2. **Adjournments.** The dates listed above may only be adjourned by approval of the court upon a showing of good cause. Motions or stipulations for adjournments shall comply with MCR 2.503(B). **Informal agreements between counsel will be disregarded by the Court.**

3. **Discovery.** Discovery shall be completed by the discovery cutoff date set forth above. No additional discovery will be permitted after the discovery cutoff date except upon motion for good cause shown. ALL DISCOVERY MUST BE COMPLETED BEFORE THE MOTION FOR SUMMARY DISPOSITION DEADLINE.

4. **Witnesses.** Witness lists shall comply with MCR 2.401(I). Witnesses not listed in accordance with this scheduling order will be prohibited from testifying at trial except upon good cause shown. This does not prevent a party from obtaining an earlier disclosure of witness information through discovery.

5. **Motion Practice.** Motions and responses shall comply with the requirements of MCR 2.119.

**EXHIBIT D**

Except as permitted by the court or otherwise permitted by the court rules, no reply briefs, additional briefs or supplemental briefs may be filed.

6.  **Motions for Summary Disposition.** Motions for summary disposition shall comply with the requirements of MCR 2.116 and 2.119. All motions for summary disposition shall be filed and heard on or before the Motion for Summary Disposition Deadline set forth above.

7.  **Case Evaluation.** This case shall be submitted to case evaluation unless the parties stipulate to an ADR process as provided by MCR 2.403(A)(2)-(3). Case evaluation shall occur in the month set forth above. Counsel or the parties may not engage in ex parte communications with the case evaluators concerning the action prior to the hearing. Information on settlement negotiations not protected under MCR 2.412 and applicable insurance policy limits shall be disclosed at the request of the case evaluation panel.

8.  **Final Pre-Trial Conference.** The Court intends to conduct meaningful settlement discussions at a final pre-trial conference. The parties and the attorney for each party who will be the chief attorney trying the case shall be present in person.  Each insurance company involved shall have personally present a representative with ultimate settlement authority.  A corporate party must have personally present a corporate officer or employee with full authority to settle the case and with knowledge of the facts. Failure to appear may result in a default judgment or dismissal of the case.

9.  **Trial.** The trial date will be scheduled at the final pre-trial conference.

10. If a party has not been served with process at the time this order is issued, the party serving such party shall, as soon as possible, serve a copy of this order with process upon such party and provide the Court with a proof of such service. **EACH PARTY HEREAFTER SERVED, WHETHER NOW A PARTU OR HEREAFTER ADDED AS A PARTY, SHALL BE BOUND BY THIS ORDER UNLESS, WITHIN 28 DAYS OF SUCH SERVICE, A MOTION FOR RELIEF THEREFROM IS FIELD AND NOTICED FOR HEARING FOR THE THEN EARLIEST POSSIBLE DATE.**

11. ☐ **Other:** _____
    _____
    _____

Dated: 7/15/24 _____

Michael R. Olsaver (P60444)
Circuit Court Judge

**EXHIBIT D**

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE

JANIE GARCIA,

          Plaintiff,

vs.

          Case No. 24-24-7315-CD
          Honorable: Michael R. Olsaver

ADRIAN DOMINICAN SISTERS, INC.
A Michigan Nonprofit Corporation,

          Defendant.

FILED
39TH CIRCUIT COURT
JUL 23 2024
LENAWEE COUNTY CLERK
ADRIAN, MICHIGAN

| **GASIOREK LAW PLLC** | **EASTMAN & SMITH LTD.** |
|---|---|
| Donald Gasiorek (P24987) | Lynn Vuketich Luther (P65492) |
| 30500 Northwestern Hwy., Suite 425 | Elizabeth L. Bolduc (P87066) |
| Farmington Hills, MI 48334 | One SeaGate, 27th Floor |
| (248) 865-0001 / Fax: (248) 865-0002 | P.O. Box 10032 |
| don@gasioreklaw.com | Toledo, OH  43699-0032 |
| *Attorney for Plaintiff* | (419) 241-6000 / Fax: (419) 247-1777 |
| | LVLuther@eastmansmith.com |
| | ELBolduc@eastmansmith.com |
| | *Attorneys for Defendant* |

## <u>**STIPULATED PROTECTIVE ORDER**</u>

At a session of the Court held in Lenawee County, State of Michigan

on       JUL 2 3 2024

PRESENT: HON. Michael R. Olsaver
          CIRCUIT COURT JUDGE

    It appearing that confidential business and proprietary information as well as other confidential information, including employee/personnel records and information, medical records and information, and business and financial information, that bear significantly on the parties' claims or defenses may be disclosed or produced during the course of discovery in this litigation.  To protect

**EXHIBIT D**

such information and pursuant to MCR 2.302, the Court's authority, and on stipulation of the parties,

**IT IS HEREBY ORDERED** that any party or non-party (the "producing party") may designate information, documents, or things as "Confidential" under the following terms and conditions:

1.      Any document, information, or thing ("Discovery Material") may be designated "Confidential" if the producing party determines in good faith that it contains confidential or proprietary information.

2.      Any discovery materials designated by a party producing them as "Confidential" shall be conspicuously marked with the following legend: **"CONFIDENTIAL".**

3.      A producing party may designate Discovery Material disclosed at a deposition as "Confidential" on the record during the deposition or, within 30 days of receiving the deposition transcript, by notifying all parties in writing of the specific item so designated or the lines and pages of the transcript that are "Confidential."

        (a)      If a producing party designates such materials as "Confidential" on the record, the court reporter shall indicate that fact on the cover page of the transcript that the transcript includes "Confidential" information, and shall list the pages and line numbers and/or exhibits of the transcript on or in which such information is contained, and shall bind the transcript in separate portions containing "Confidential," and non-Confidential material.

4.      If a party producing documents inadvertently fails to mark a document as "Confidential" for which it desires such treatment, it shall promptly inform the party receiving the documents, but in no event later than thirty (30) days following discovery of the inadvertent disclosure. The receiving party thereupon notice shall either prompt designate the claimed documents as "Confidential" pursuant to this Order or shall return the unmarked documents to the producing party and the producing party shall substitute properly marked documents.

**EXHIBIT D**

5.     The inadvertent or unintentional disclosure by a producing party supplying confidential discovery material, regardless of whether such discovery material was designated as "Confidential," shall not be deemed a waiver in whole or in part of the producing party's claim of confidentiality with respect to the discovery material disclosed, provided that the producing party making such inadvertent or unintentional disclosure promptly notifies the receiving parties, but in no event later than thirty (30) days after it learns of such inadvertent or unintentional disclosure. If discovery material has been disclosed and is subsequently designated as "Confidential," the disclosing party shall make good faith efforts to preserve the "Confidential" nature of such discovery material and to obtain compliance with this Order from any person to whom such discovery material was disclosed.

6.     If a producing party, at the time of disclosure, inadvertently fails to designate as "Confidential" any Discovery Material (including, without limitation, documents, oral, visual, or recorded information) for which it desires such treatment, and another party files the material with the Court prior to receiving notice that such material was inadvertently disclosed without the desired designation, the producing party who made the inadvertent disclosure shall be responsible for seeking appropriate relief from the Court.

7.     Nothing in this Order shall preclude any party from challenging a "Confidential" designation of Discovery Material by another party.  If a party's counsel elects to challenge a designation, such counsel shall so notify counsel for the designating party.  Counsel for the challenging and designating parties shall confer in good faith within 10 business days of such notification in an effort to resolve the matter by agreement.  Prior to engaging in any motion practice, the parties should inform the Court as to the dispute to schedule a telephone conference. If the Court declines a telephone conference and an agreement is not reached within 10 business

**EXHIBIT D**

days, the designating party will have the burden of moving and may move upon proper notice within 20 days to obtain an appropriate protective order or for the Court's determination of whether the challenged designation is appropriate.  In the event that such a motion is made, any disputed Discovery Material shall remain subject to and protected by this Order until such motion is resolved.  In the event that no motion is filed, the Discovery Material will no longer be subject to and protected by this Order and the Confidential designation will be removed.

8.   Confidential Material may be disclosed only to the extent reasonably necessary for the conduct of the Litigation and only to the following:

(a)   the Court (including any appellate court) and Court personnel;

(b)   court reporters in connection with the taking of a deposition or the transcription of court proceedings;

(c)   attorneys (including in-house and outside counsel) of the parties to the Litigation (or the corporate parent of a party to the Litigation) and such attorneys' employees;

(d)   parties to the Litigation and their officers, directors, trustees, and employees;

(e)   the creator of such Confidential Material and persons who received a copy thereof prior to its production in the Litigation;

(f)   anticipated and actual fact witnesses other than the parties to the Litigation, provided that counsel has a good-faith basis to disclose such information to such witness; and

(g)   experts, advisors, consultants, and other persons engaged to assist directly in the Litigation.

9.   With respect to persons specified in Paragraph 9(f) and (g) above, counsel shall obtain that person's written agreement to be bound by the terms of this Order.  The requirement of obtaining written agreement may be satisfied by obtaining the signature of such person at the foot of a copy of this Order to such person.  A person's written agreement to be bound by the terms of this Order is also an agreement to submit to the jurisdiction of the Court solely for purposes of

4

**EXHIBIT D**

enforcing this Order. Counsel of record for each of the parties to the Litigation shall maintain a file of executed agreements, and such file shall be made available for inspection by counsel for any person claiming confidentiality upon order of the Court following a showing of good cause.

10.     Counsel shall maintain files containing materials designated as "Confidential" in a secure location. This provision shall not prevent use of an ESI vendor or host who restricts access to those persons permitted to review Confidential materials as set forth in this Order provided, they first execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

11.     Nothing in this Order shall preclude any party or their attorneys from:

(a)     Showing materials designated as "Confidential" to an individual who either prepared or reviewed the document, or is shown by the document to have received the document.

(b)     Disclosing or using, in any manner or for any purpose, any information, documents, or things from the party's own files that the party itself designated as "Confidential," or materials that are publicly available.

(c)     Disclosing or using, in any manner or for any purpose, any information, document, or thing at the trial of this matter. But if a party intends to use or offer into evidence at such trial any materials designated as "Confidential", that party must, unless otherwise ordered by the Court, so inform the producing party in a reasonable time in advance to allow the producing party to take such steps that it deems reasonably necessary to preserve the confidentiality of such information or documents.

(d)     Redacting information from documents produced in accordance with the discovery process, including information that is irrelevant to this action and would provide the opposing party with a business advantage over the producing party if it is produced. Nothing in this subparagraph limits the opposing party from challenging such redactions before this Court as set forth in Paragraph 8.

12.     If either party is served with a subpoena from any person or entity whatsoever, directing that party to produce any materials designated as "Confidential" by another party, counsel for that party shall immediately give counsel for the designating party written notice of

**EXHIBIT D**

such service so that the designating party may seek a protective order or otherwise act to protect the confidentiality of the designated materials.

13.     Within sixty (60) days of the conclusion of this action, including any appeals, all originals and reproductions of materials designated as "Confidential" shall be destroyed., However, counsel for the parties may retain one complete set (including exhibits) of pleadings and motion papers filed with the Court, and one complete copy of deposition testimony given in this action, in addition to materials designated as "Confidential" in a secure location - subject to any applicable Statute of Limitations. Upon request, counsel for the receiving party shall provide written verification to the producing party that all copies of such Discovery Materials produced to the receiving party have been destroyed, other than as indicated in this paragraph. Materials designated as "Confidential" that are in the custody of the Court are excepted from the terms of this Paragraph.

14.     Any Discovery Material designated as Confidential, or any Court paper containing information derived from such material, which is filed with the Court, shall be filed under seal with the confidentiality legend prescribed in Paragraph 2.  The Clerk of the Court shall not permit access by any person to any material filed under seal without an order of the Court.

15.     The production of privileged or work-product protected documents, electronically stored information ("ESI") or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information for relevance, responsiveness and/or segregation of privileged and/or protected information before production. If information or materials are inadvertently produced that are subject to attorney-client privilege, attorney work product or any other ground

6

**EXHIBIT D**

on which production of such information or materials should not be made to a party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the producing party would otherwise be entitled. Any and all facially privileged or work product materials inadvertently produced shall be returned promptly, when discovered, in accordance with ABA Rules of Professional Conduct Formal Opinion 92-368 (1992). Any inadvertently produced privileged materials shall be promptly returned upon the request of the producing party, all copies immediately destroyed, and such material shall not be introduced into evidence in this or any other proceeding, nor will such material be subject to production in any other proceeding by virtue of the fact that it was inadvertently produced in this proceeding. The production of any material in this action, which, absent such production, would have been in whole or in part privileged under the attorney-client privilege or the work-product doctrine, will not waive the attorney-client privilege or the work-product doctrine as to any material not produced, regardless of its subject matter.

16.     The terms of this Order shall be effective and the parties and their counsel shall be bound by the terms of this Order on the date the Order is signed by the parties' counsel. The terms of this Order shall remain in effect after the action and any related appeals are concluded, except that there shall no longer be any restriction on use of materials designated as "Confidential" that are used as exhibits at trial (unless such exhibits were used under seal or protective order at trial).

Dated: JUL 2 3 2024                     /s/ Michael R. Olsaver
                                        _____
                                        HON. MICHAEL R. OLSAVER
                                        Circuit Court Judge

**EXHIBIT D**

*APPROVED AS TO FORM AND SUBSTANCE*:

**GASIOREK LAW PLLC**

*/s/ Donald Gasiorek*
Donald Gasiorek (P24987)
30500 Northwestern Hwy, Ste 425
Farmington Hills, MI 48334
Ph: (248) 865-0001
don@gasioreklaw.com
*Attorneys for Plaintiff*

**EASTMAN & SMITH LTD.**

*/s/ Lynn Vuketich Luther (with consent)*
Lynn Vuketich Luther (P65492)
Elizabeth L. Bolduc (P87066)
One SeaGate, 27th Floor
P.O. Box 10032
Toledo, OH  43699-0032
Ph: (419) 241-6000
LVLuther@eastmansmith.com
ELBolduc@eastmansmith.com
*Attorneys for Defendant*

DATED: July 16, 2024

8

**EXHIBIT D**

**Attachment A**

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE

JANIE GARCIA,

               Plaintiff,

                                             Case No. 24-24-7315-CD
vs.                                      Honorable: Michael R. Olsaver

ADRIAN DOMINICAN SISTERS, INC.
A Michigan Nonprofit Corporation,

               Defendant.

---

### ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND

     The undersigned hereby acknowledges that he/she has read the Protective Order dated

_____ in the above-captioned action and attached hereto, understands the

terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction

of the State of Michigan in the Circuit Court for the County of Lenawee in matters relating to the

Protective Order and understands that the terms of the Protective Order obligate him/her to use

documents designated CONFIDENTIAL in accordance with the Order solely for the purposes of

the above-captioned action, and not to disclose any such documents or information derived

directly therefrom to any other person, firm, or concern.

     The undersigned acknowledges that violation of the Protective Order may result in

penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

9

**EXHIBIT D**

Date:_____                    _____
                                        Signature

10

**EXHIBIT D**